UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KENNETH A. DROZDOWSKI,

          Plaintiff,

-v-

ANDREW SAUL,
Commissioner of Social Security,[1]

          Defendant.

_____

15-CV-292-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 8)

Plaintiff Kenneth Drozdowski's application for Title II Social Security Disability ("SSD") benefits was denied by the Commissioner of Social Security ("Commissioner") in March of 2015. (Dkt. No. 13-1, ¶7) On April 4, 2015, plaintiff brought the instant action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review, by this Court, of the Commissioner's denial. (Dkt. No. 1) Both plaintiff and Commissioner moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. (Dkt. Nos. 5 and 6) On September 28, 2016, this Court remanded plaintiff's claims to the Commissioner for a new hearing. (Dkt. No. 9)

On August 30, 2018, the Commissioner rendered a decision in favor of plaintiff, finding that he has been disabled since June 14, 2015. (Dkt. No. 13-1, ¶9) On July 3, 2019, the Social Security Administration ("SSA") issued a notice of award granting plaintiff

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

past due benefits in the amount of $89,511.00, as well as ongoing monthly benefits in the amount of $2,385.60. (Dkt. No. 13-1, ¶10, ¶17; Dkt. No. 13-5)

Presently before the Court is plaintiff's counsel's motion for an award of attorney's fees pursuant to 42 U.S.C. §406(b). (Dkt. No. 13) Plaintiff's counsel seeks fees in the amount of $18,077.75 for time spent in the course of representing plaintiff in this federal action. (Id.) The Commissioner objects, and argues that the Court should reduce the fee amount because it conflicts with the fee agreement between plaintiff and counsel. (Dkt. No. 14) For the following reasons and subject to the below instructions, plaintiff's counsel's motion for attorney's fees is granted.

## BACKGROUND

On July 17, 2015, counsel and plaintiff entered into a Federal District Court fee contract. (Dkt. No. 13-4) The fee contract governed counsel's representation of plaintiff before this Court in pursuit of SSD benefits. (Id.) The fee contract provided that counsel would receive a contingency fee of 25% of plaintiff's past-due SSD benefits in the event that plaintiff's federal action was successful.[2] (Id.) The fee contract further stated that "[i]n no case will the fee that comes out of the back benefits paid on [plaintiff's] account be greater than 25% of back benefits (including the fee paid for work on [plaintiff's] case before the Social Security Administration)." (Id.) The fee contract also provided that if this Court were to award attorney's fees from plaintiff's past due benefits and also award a fee for the same work pursuant to the Equal Access to Justice Act, plaintiff would be "refunded or credited with the amount of the smaller fee." (Id.)

---

[2] The language of the fee contract states that, subject to the approval of the Court, the attorney's fees would represent 25% of all past-due benefits with "no cap" and that the "total fee could amount to many thousands of dollars or many hundreds of dollars per hour on an hourly basis." (Dkt. No. 13-4)

2

Counsel submits that he spent 33.8 hours representing plaintiff in the federal action before this Court. (Dkt. No. 13-1, ¶15; Dkt. No. 13-8) Counsel presently seeks, from this Court, an award of $18,077.75 in attorney's fees for his representation of plaintiff over the course of the federal action. (Dkt. No. 13-1, ¶2) Counsel indicates that in addition to the time he spent representing plaintiff in the federal action, he spent another 14.8 hours representing plaintiff before the Social Security Administration ("SSA"). (Dkt. No. 31-1, ¶12; Dkt. No. 13-6) Counsel states that in addition to $18,077.75 he seeks from this Court for work performed in the federal action, he has also submitted a fee petition to the SSA for $10,000, based upon his work representing plaintiff at the administrative level. (Dkt. No. 31-1, ¶13; Dkt. No. 13-7)

On January 10, 2017, counsel was paid $5,700.00 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412 ("EAJA"). (Dkt. No. 12) Counsel represents that when the instant motion for attorney's fees is granted and paid, he will refund the $5,700.00 to plaintiff. (Dkt. No. 13-1, ¶18) Counsel also represents that in the event he is "underpaid any fee from SSA", he will subtract that amount from the EAJA refund to plaintiff. (*Id.*) The July 3, 2019 notice of award informed plaintiff that the SSA would withhold a portion of his past-due benefits in the event the SSA was required to pay his legal representative. (Dkt. No. 31-1, ¶19) Specifically, the notice explained that plaintiff's past-due benefits were $89,511.00, and that $22,377.75 (25% of the total past-due benefit) would be withheld to pay his representative. (*Id.*)

## DISCUSSION

### *Section 406(b) and Reasonableness of the Fee*

Section 406(b)(1)(A) of the Social Security Act provides that "[w]henever a court renders a judgment favorable to a claimant...who was represented before the court by an attorney, the Court may determine and allow...a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. §406(b)(1)(A). Within this 25% boundary, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Abbey v. Berryhill*, 6:17-CV-06430, 2019 U.S. Dist. LEXIS 13276 (WDNY Jan. 28, 2019); *quoting Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). The Second Circuit has held that a Court's determination of whether fees requested under Section 406(b) are reasonable should "begin with the [fee] agreement, and [that] the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). Factors to be considered in determining whether a fee is reasonable include: (1) whether the requested fee is consistent with the "character of the representation and the results the representation achieved"; (2) whether the attorney unreasonably delayed the proceedings in order to increase his fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case", so as to constitute a windfall. *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (WDNY 2005); *quoting Gisbrecht*, 535 U.S. at 808.

While the Commissioner has not expressly disputed any of these factors in this case, the Court has an independent obligation to review them to ensure that the requested

fee is reasonable. *See Gisbrecht*, 535 U.S. at 807 (Section 406(b) "calls for court review of [contingent fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases.") Here, the SSA awarded plaintiff $89,511.00 in past-due benefits. Thus, the $18,077.75 in fees presently sought by counsel pursuant to Section 406(b) represents 20.19% of the past-due benefits, and does not exceed the statutory cap of 25% of plaintiff's award. With respect to the first factor, the fee is consistent with the character of the representation and the results achieved. Counsel's 21-page motion for judgment on the pleadings and reply brief raised three legal arguments, and successfully resulted in a remand to the Commissioner. The remand was necessary in securing, for plaintiff, both the past-due benefits as well as on-going monthly benefits of $2,385.60. Moreover, counsel agreed to the representation on a contingent basis. Thus, he risked receiving no compensation for his work should this Court have denied plaintiff's motion. As to the second factor, there is no evidence that counsel unreasonably delayed the proceedings in order to inflate past-due benefits and his potential fee award. Lastly, courts often look to the lodestar figure to determine if the contingency fee is unreasonable or constitutes a windfall. *See Gisbrecht*, 535 U.S. at 808. Here, counsel spent 33.8 hours representing plaintiff in federal litigation before this Court. Dividing the $18,077.75 fee requested by the 33.8 hours counsel spent on the litigation yields an hourly rate of $534.85. Case law from both this district and other district courts within the Second Circuit reflects that this amount is reasonable. *See Stein v. Comm'r of Soc. Sec.*, 15-CV-6753, 2019 U.S. Dist. LEXIS 171210 (WDNY Sept. 16, 2019) (approving an hourly rate of $622.03 as reasonable); *Filipkowski v. Barnhart*, 05-CV-01449, 2009 U.S. Dist. LEXIS 68695 (NDNY Aug. 6, 2009) (approving $743.30 hourly

5

rate); *Blizzard v. Astrue*, 496 F. Supp. 2d 320, 324 (SDNY 2007) (approving $705 hourly rate).

In sum, the Court finds the $18,077.75 fee requested by counsel pursuant to Section 406(b) to be reasonable based upon the hours and nature of legal work rendered; the lodestar figure; the contingent nature of the representation; the resulting past-due benefits; and the lifetime benefit ultimately awarded to plaintiff.

### Section 406(a) and the Commissioner's Argument

As explained above, Section 406(b) governs attorney's fees for representation of a plaintiff in a social security action in federal court. Pursuant to Section 406(a) of the Social Security Act, an attorney may receive additional fees for representing a plaintiff in administrative proceedings before the SSA. *See* 42 U.S.C. §406(a); *Gisbrecht*, 535 U.S. at 794. Further, the United States Supreme Court has held that the 25% cap described above applies only to fees for representation in the course of federal litigation pursuant to Section 406(b), and not to fees for representation in the course of administrative proceedings pursuant to Section 406(a). *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019). *See also Stein*, 2019 U.S. Dist. LEXIS 171210, *2 (attorneys may seek combined Section 406(a) and 406(b) fees that exceed the 25% cap).

In addition to the instant motion for attorney's fees pursuant to Section 406(b), counsel here has also filed a petition with the SSA for $10,000 in fees pursuant to Section 406(a), for representation of plaintiff at the administrative level. Thus, counsel has sought an aggregate fee of $28,077.75 *($18,077.75 in fees based on the federal action pursuant to Section 406(b) **plus** $10,000 in fees based on the administrative action pursuant to Section 406(a))*. This aggregate fee is $5,700 more than the $22,377.75 withheld by the

6

SSA as 25% of plaintiff's past-due benefits. The Commissioner contends that while this result is permissible based upon the Supreme Court's holding in *Culbertson*, it violates the fee contract entered into by plaintiff and counsel, which limits counsel's recovery to 25% total of plaintiff's past-due benefits.

As noted above, the fee contract between plaintiff and counsel states that, "in no case will the fee that comes out of the back benefits paid on [plaintiff's] account be greater than 25% of back benefits (*including the fee paid for work on [plaintiff's] case before the Social Security Administration*)." (Dkt. No. 13-4) (emphasis added). Thus, the fee contract does indeed seem to limit the total award of fees at both the federal court level and the administrative level to no more than 25% of plaintiff's past-due benefits award. However, the Court does not find that this contract provision requires the Court to deny or reduce counsel's instant request for a fee in the amount of $18,077.75 pursuant to Section 406(b). A fee of $18,077.75 is not more than 25% of the back-benefit award to plaintiff and thus does not violate the fee contract. While counsel indicates that he has applied for an additional fee of $10,000 from the SSA, the Court has no information that this has been granted. To deny or reduce a reasonable Section 406(b) fee request based upon what might be granted by the SSA pursuant to Section 406(a) would be speculative, and could produce an unfair result. *See Stein*, 2019 U.S. Dist. LEXIS 171210, *2 (declining to make counsel's Section 406(b) award contingent upon him seeking a maximum of 25% past due benefits under Section 406(a) and (b) because "the §406(a) fees that counsel may receive are purely speculative because the SSA has not ruled on his petition yet [and] [t]o adjust counsel's §406(a) fees that he might obtain could result in an overall fee award that is much lower than the 25% cap.").

7

Moreover, counsel represents that he has already been paid $5,700.00 in attorney's fees pursuant to the EAJA, and that he will return this fee to plaintiff once his request for a fee pursuant to Section 406(b) is granted and paid. Thus, when the instant motion is granted and counsel is paid $18,077.75, counsel will return $5,7000.00 to plaintiff, resulting in a net profit to counsel of $12,377.75. Should the SSA grant counsel's additional request for $10,000 in fees at the administrative level, the most counsel will receive in total payment is $22,377.75 ($12,377.75 in net fees pursuant to Section 406(b) and $10,000 in fees pursuant to Section 406(a)). A total payment of $22,377.75 represents 25% of plaintiff's total past-due benefit of $89,511.00. Thus, once the EAJA payment is returned to plaintiff, the total amount of attorney's fees would not violate the fee contract between plaintiff and counsel because it would not exceed 25% of plaintiff's past-due benefits, including the fee paid for counsel's work to represent plaintiff at the administrative level. *See Chiles v. Saul*, 14-CV-00943, 2020 U.S. Dist. LEXIS 7796 (WDNY Jan. 16, 2020) (noting that the Court need not resolve language in the fee contract which implied that the 25% cap applied to the combined fee under Sections 406(a) and 406(b) because once the EAJA award was returned to plaintiff, the total fee paid to counsel would be less than 25% of plaintiff's past-due benefits).

Lastly, counsel indicates that "in the event he is underpaid any fee from SSA, [he] will subtract that amount from the EAJA refund." (Dkt. No. 13-1, ¶18) The Court instructs that no matter the amount of payment counsel ultimately receives from the SSA, counsel must refund the complete EAJA fee award to plaintiff. Under the EAJA, "a party prevailing against the United States in court, including a successful Social Security benefits claimant, may be awarded fees payable to the United States if the Government's position

in the litigation was not "substantially justified." 28 U.S.C. §2412(d)(1)(A). The Supreme Court instructs that an award of EAJA fees under Section 2412 offsets an award under Section 406(b). *See Gisbrecht*, 535 U.S. at 796. Thus, if an attorney's fee award is ordered under the EAJA and Section 406(b), the lesser of the two awards must be returned to the plaintiff. *Rose v. Barnhart*, 1 Civ. 1645, 2005 U.S. Dist. LEXIS 20404 (SDNY Sept. 16, 2005) ("While these potential awards [under Section 406(a), 406(b), and the EAJA] are separate and do not limit each other, attorneys are not allowed double recovery and must give their clients whichever award is less."); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. §406(b) are calculated, the district court should order [the attorney] to return the lesser of either the amount or the EAJA award to his clients."); *Jacobson v. Comm'r of Soc. Sec.*, 12 CV 8416, 2020 U.S. Dist. LEXIS 86153, *13 (SDNY May 13, 2020) ("Courts in this district routinely and explicitly mandate attorneys who obtain fee awards under both statutes to return the amount of such EAJA award to plaintiff out of the payment received under Section 406(b)."). Thus, counsel cannot receive the Section 406(b) fees requested in the instant motion and retain the EAJA fee. Further, a return to the EAJA fee to plaintiff will ensure that the terms of the fee contract, which limit counsel's recovery to 25% of the total back-benefits, are not violated.[3]

---

[3] The fee contract also specifically states that "if the court awards an attorney fee out of [plaintiff's] past-due benefits and also awards an EAJA fee for that same work, [plaintiff] will be refunded or credited with the smaller amount of the fee." (Dkt. No. 13-4) *See Jose v. Comm'r of Soc. Sec.*, 2:13-cv-220 (July 9, 2019) ("nothing in either the law or the Federal Court Agreement permits [plaintiff's counsel] to deduct expenses from the EAJA fees.").

9

**CONCLUSION**

For the foregoing reasons, plaintiff's counsel's motion for attorney's fees in the amount of $18,077.75 pursuant to 42 U.S.C. §406(b) is granted. Upon payment of this fee, counsel is instructed to refund to plaintiff the $5,700 in fees previously paid to counsel pursuant to the Equal Access to Justice Act.

**SO ORDERED.**

Dated:   October 22, 2020
         Buffalo, New York

*[signature]*
MICHAEL J. ROEMER
United States Magistrate Judge